NAPA'S HOME SWEET HOME LLC

       Plaintiff,

vs.

EVANSTON INSURANCE COMPANY,

       Defendant.

_____/

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR CHARLOTTE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

## COMPLAINT

**COMES NOW** the Plaintiff, Napa's Home Sweet Home LLC, by and through their undersigned counsel, and sue the Defendant, Evanston Insurance Company, and would allege as follows:

## GENERAL ALLEGATIONS

1.    This is an action for damages greater than the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, costs and attorney's fees, and otherwise within the jurisdictional limits of this Court.

2.    At all times material hereto, Plaintiff, Napa's Home Sweet Home LLC, own the property insured by Defendant located at 3949 South Access Road Englewood, FL 34224, Charlotte County, Florida.

3.    Venue is proper in Charlotte County, Florida pursuant to Florida Statute 47.011, because the cause of action upon which these allegations are based accrued in Charlotte County, Florida, and the property at issue is located in Charlotte County, Florida.

4.    That Plaintiff was insured at the time of loss, on 9/28/2022, under Defendant's insurance policy number 2AA358858. See attached, Exhibit A.

5.    The Policy in question is in the possession of the Defendant and will be produced through Discovery. All terms of the Policy are incorporated herein.

6.      Plaintiff paid all insurance premiums, performed all post loss conditions, and performed all conditions precedent.  In the alternative, all conditions precedent have been waived.

7.      On or about 9/28/2022, Plaintiff suffered a loss due to Hurricane, a covered peril under the Policy involving the Property.

8.      Defendant acknowledged coverage for the Loss as claim number MKL0019410 and assigned an insurance adjuster to adjust the Loss.

9.      Plaintiff provided Defendant with a damage estimate for a covered loss.

10.     Defendant was given timely notice of the loss and investigated the claim including inspecting the property and estimating the damage and was not prejudiced in its investigation.

11.     Defendant acknowledged coverage of the loss, however, rejected the total amount of damages and alleges that Defendant's estimate of the total damages does not exceed Plaintiff's deductible.

## COUNT I - BREACH OF CONTRACT

12.     Plaintiff reavers, readopts, and realleges the allegations contained in Paragraphs 1 through 11 of this Complaint, and as a first cause of action, would further allege:

13.     That the policy provides coverage for direct physical loss to the Plaintiff's property due to a Hurricane, mentioned herein.

14.     That the Plaintiff sustained unpaid damages that are a covered loss under the Defendant's policy of insurance.

15.     That the Plaintiff demanded the Defendant honor its contractual obligation and pay for the unpaid damages to the insured property.

16.     That as a result of Defendant's breach of contract, Plaintiff sustained damage to the insured property.

17.    That Defendant refuses to honor its contractual obligations and pay for the covered loss.

18.    That Plaintiff has further had to retain the undersigned attorney and agreed to pay him a reasonable fee for which the Defendant is liable under § 627.428.

19.    Florida Statute 627.428(1) states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

**WHEREFORE**, Plaintiff demands judgment against Defendant, plus costs, prejudgment interest and attorney's fees pursuant to Florida Statute § 627.428.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

## DESIGNATION OF E-MAIL ADDRESS PURSUANT TO RULE 2.516

Pursuant to Florida Rule of Judicial Administration 2.516, Plaintiff hereby files its notice of designation of email address for the purpose of service of all documents required to be served in this proceeding:

**DATED** this    December 19, 2022   .

**DAVID A. DUBE, ESQ.**
Florida Bar No.: 1021678
**TAMARA BRAZ, ESQ.**
Florida Bar No.: 95073
The Lawgical Firm
8865 Commodity Circle, Suite 12
Orlando, FL 32819
Telephone: (407) 433-4131
Primary email: ddube@thelawgicalfirm.com
                tbraz@thelawgicalfirm.com
Secondary emails: eservice@thelawgicalfirm.com

MATTER: 2022100045